IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| ALBERT SHANE MORGAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 11-CV-451-TCK-PJC |
| | ) | |
| LANCE RAMSEY, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Before the Court is the Plaintiff's Motion for Attorney Fees [Dkt. No. 41]. Plaintiff seeks an award of $4,710.00 for time spent responding to a Motion to Compel [Dkt. No. 24] that this Court denied on Oct. 12, 2012 [Dkt. No. 39]. For the reasons set forth below, the motion is **DENIED**.

### *Background*

The factual background of this dispute is tortuous. Defendant served his first discovery requests on Plaintiff about May 23, 2012, and Plaintiff responded at the end of June. On July 3, Defendant's counsel, Scott Wood, sent a letter by e-mail to opposing counsel concerning alleged deficiencies in the Plaintiff's discovery responses. [Dkt. No. 24 at 1]. On July 10, Plaintiff's counsel, Stephen Capron, responded by e-mail. That e-mail stated that Capron found no legal

1

support for Wood's challenge to Plaintiff's discovery responses.[1]  Wood tried, unsuccessfully, to reach Capron by telephone on July 11.  Further e-mail contact ensued with Capron suggesting the attorneys discuss the discovery issues by telephone.  That did not occur.

On July 18, Kevin Adams, an attorney working with Capron – but not a member of Capron's law firm – notified Wood of three subpoenas he was serving in the case.  Wood then sent an e-mail to Capron and Adams with a draft of a Motion to Compel.  Wood asked the Plaintiff's lawyers to review the motion and "hopefully reconsider your position" on discovery issues.  On July 23, Wood e-mailed Adams and asked if he was available to meet and confer about the Plaintiff's discovery responses.  Wood's e-mail noted, "I understand Capron is out of town this week."  Adams said he was available to meet on Wednesday July 25, and suggested discussing the matter "over a cigar" at the Cigar Box, a cigar store on 15th Street in Tulsa.  The attorneys met and discussed discovery issues.  Both men recall that Adams stated any resolution of discovery issues would have to involve Capron.  Adams has stated that the meeting at the Cigar Box was "not intended to comply with the meet and confer requirement" of the Court's local rules.  However, Wood said he felt a conversation with co-counsel did satisfy the meet and confer requirement.  Wood also said he left the

---

[1] The following recitation of communication between the lawyers is taken from the exhibits provided to the Court by Defense counsel at the December 10, 2012, hearing.  The sequence comports with that outlined by Plaintiff's counsel.

meeting with an understanding that Capron would call him when he returned from vacation. Wood waited two weeks and when Capron did not contact him, he filed the Motion to Compel on August 8, 2012. [Dkt. No. 24].

Plaintiff responded to the Motion to Compel, arguing in part, that a meet and confer had not taken place as required by the Federal Rules of Civil Procedure and the Local Rules of this Court. On September 26, 2012, the Court held that Defendant had not properly certified that the parties had met and conferred.[2] The Order set a deadline of October 10 to comply with the requirement and advise the Court of any outstanding issues. When the deadline passed without further notice from the parties, the Motion to Compel was denied. [Dkt. No. 39]. (The same day as the Court's Order, Defendant notified the Court that after a further meeting of counsel the discovery issues had been resolved and that Defendant would withdraw the Motion to Compel. [Dkt. No. 40]).

Upon withdrawal of the Motion to Compel, it appeared that there was peace in the valley; however, peace was short-lived. Six days after the Motion to Compel was withdrawn, Plaintiff filed the instant Motion for Attorney Fees. [Dkt. No. 41]. Plaintiff seeks compensation at $300 per hour for 15.7 hours of

---

[2] The Motion to Compel stated only that "Counsel for Defendant has attempted to resolve this discovery dispute without Court intervention; however, such attempts have been unsuccessful." [Dkt. No. 24 at 1]. There was no mention that counsel had "personally" met and conferred, as in required by LCvr37.1, although Adams and Wood had, in fact, met and discussed discovery issues on July 25.

work he claims was caused by Defendant's failure to comply with the meet and confer rule.

### *Applicable Legal Principles*

This Court's Local Rules provide:

> With respect to all motions or objections relating to discovery pursuant to Fed. R. Civ. P. 26, through 37 and 45, this Court shall refuse to hear any such motion or objection unless counsel for movant first advises the Court in writing that <u>counsel personally have met and conferred in good faith and, after a sincere attempt to resolve differences, have been unable to reach an accord</u>.

LCvR37.1 (emphasis added).

The Local Rule follows the requirement imposed by Fed. R. Civ. P. 37:

> The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action.

Fed. R. Civ. P. 37(a)(1).

### *Discussion*

The meet and confer requirement of Rule 37 and the personal consultation requirement of LCvR37.1 serve important purposes; therefore, the failure to comply with either is never justified. Compliance is required "to lessen the burden on the court and reduce the unnecessary expenditure of resources by litigants, through the promotion of informal, extrajudicial resolution of discovery disputes." *Nevada Power v. Monsanto,* 151 F.R.D. 118, 120 (D.Nev.1993). The consultation obligation "promote[s] a frank exchange between counsel to

resolve issues by agreement or to at least narrow and focus matters in controversy before judicial resolution is sought." *Id*. Importantly, in order to serve its purpose, parties must "treat the informal negotiation process as a substitute for, and not simply a formal prerequisite to, judicial review of discovery disputes." *Id*.

The certification set forth in Defendant's Motion to Compel did not establish that counsel had personally met to resolve the discovery disputes; nevertheless, the parties agree that a personal meeting between Plaintiff's counsel and Defendant's counsel regarding discovery *did* take place on July 25. They disagree, however, as to whether this meeting was sufficient to meet the requirements of Rule 37(a)(1) and LCvR37.1. The Court notes the irony of a procedure that is meant to prevent waste of time and money and avoid unnecessary Court intervention, becoming the focus of extended briefing and court intervention. We have found the point where Common Law and Common Sense diverge.

Counsel for Defendant and counsel for Plaintiff did have a personal meet and confer over discovery. Although Adams may not have believed this meeting was intended to be the Rule 37/LCvR37.1 meet and confer, it is understandable that Wood might have thought otherwise. Wood sent a draft of a Motion to Compel to both Adams and Capron on July 18, followed up with a request for a personal meeting and met with Adams on July 25. Wood was

justified in concluding that the meet and confer requirement had been satisfied. Wood did not file the Motion to Compel immediately after the meeting with Adams. Instead, he waited two more weeks.

Fed. R. Civ. P. 37(a)(5)(B) provides that when a Motion to Compel is denied, the Court must require the movant to pay the other side's "reasonable expenses incurred in opposing the motion, including attorney fees." However, the Rule further provides: "[T]he court must not order this payment if the motion was substantially justified or other circumstances make an award of expenses unjust." Here, the Court finds that circumstances make an award of fees unjust. It appears to the Court that there was, at most, a legitimate misunderstanding between the parties over the July 25 meeting between Wood and Adams. That misunderstanding could have been resolved with better communication between counsel, and especially by using the expedited procedure provided for in the Local Rules. LCvR37.2(b) provides an easy mechanism for resolution of the type of problem presented here:

> **Expedited Hearings.** A magistrate judge may expedite discovery matters by means of telephone conferences or emergency hearings.

LCvR37.2(b).

Had this procedure been used in this case, the meet and confer problem could have been cleared up immediately at very little cost –

certainly, for far less than $4,710.00.[3]  Plaintiff's counsel stated at the hearing on this matter that he had to respond to the Motion to Compel because it made personal attacks on counsel and his client.  The Court has reviewed the Motion to Compel and finds nothing that changes its view that this dispute could and should have been resolved by a telephone call.  Accordingly, the Motion for Attorney Fees is **DENIED**.

Counsel are admonished that the requirements of the Local Rules regarding discovery are to be strictly followed and that better communication between counsel would likely resolve minor disputes before they are submitted to the Court.

**DATED** this 21st day of December 2012.

_____
Paul J. Cleary
United States Magistrate Judge

---

[3]  The Court notes that nearly one-fourth of the time for which Plaintiff seeks compensation was incurred preparing for a deposition on July 6 – a full month before the Motion to Compel was even filed. [Dkt. No. 51-1].