**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| ALBERT SHANE MORGAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 11-CV-451-JED-PJC |
| v. ) | |
| ) | |
| LANCE RAMSEY, ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

The Court has for its consideration the Motion for Summary Judgment (Doc. 58) filed by defendant, Lance Ramsey.

**I.    Background**

Plaintiff asserts claims under 42 U.S.C. § 1983 and state law, based on allegations that defendant violated plaintiff's rights under the Fourth Amendment to the United States Constitution and provided false information to obtain a warrant, which led to a search of plaintiff's property and plaintiff's arrest, without probable cause. (Complaint, Doc. 2 at 1). The warrant was issued by a state court and served on plaintiff's home, and plaintiff was arrested after marijuana and weapons were seized. An affidavit submitted by defendant, who is a Tulsa County Sheriff's Deputy, was the basis for obtaining the warrant. The affidavit was purportedly based upon statements by informant Gordan Ray, who had five (5) days earlier been found in possession of an indoor marijuana growing operation with approximately 82 plants.

According to the affidavit supporting the warrant, Ray allegedly told defendant that Ray knew of two others who also grew marijuana at their residences. One of the two identified was the plaintiff in this case, and according to defendant, Ray told defendant that plaintiff "had lived

in the 101st and Memorial area in Tulsa." (Doc. 58 at 7, ¶ 10). In the affidavit, dated November 18, 2010, defendant further stated:

> [Ray] said that [Plaintiff] moved to another house where he was growing his plants but [Ray] has never been there. . . . Your affiant ran a utilities check on [plaintiff] and it showed that he moved to [address]. Your affiant ran a utility check on the residence to be search [sic] and it showed that from July last year to July of this year the electric use has doubled from 800 Kilowatts to 1600 Kilowatts. I conducted surveillance on the residence to be searched and saw a van in front of the residence with A-one air conditioning on it. (Doc. 66-3).

Based upon the fruits of the search, plaintiff was charged with various offenses in the Northern District of Oklahoma (Case No. 10-CR-194-JHP), and he moved to suppress the evidence located and seized during the search of his home. The motion to suppress was granted after District Judge James H. Payne determined that information material to probable cause was omitted from the affidavit supporting the warrant and that the omission "was at least made in reckless disregard of the truth." (Doc. 66-1). After the motion to suppress was granted, the government moved to dismiss the indictment against plaintiff, without prejudice, and that motion was granted. Plaintiff then filed this lawsuit, asserting claims for civil rights violations, negligence, wrongful arrest, and malicious prosecution.

Defendant moves for summary judgment on several grounds, arguing that (1) defendant is entitled to qualified immunity because he did not act with reckless disregard and his actions were reasonable and in good faith, (2) defendant cannot be held liable for negligence because his conduct was within the scope of employment, (3) the false arrest claim must fail "because there was probable cause to arrest," and (4) there is no claim for malicious prosecution because the indictment against plaintiff was dismissed without prejudice, rather than on the merits or upon a determination of plaintiff's innocence.

## II.  General Standard Applicable to Summary Judgment

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). In considering a summary judgment motion, the courts determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 at 251-52. The evidence of non-movant is to be taken as true, and all justifiable inferences are to be drawn in non-movant's favor. *Anderson*, 477 U.S. at 255; *see Ribeau v. Katt*, 681 F.3d 1190, 1194 (10th Cir. 2012). "Credibility determinations, the weighing of evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge . . . ruling on a motion for summary judgment. . . ." *Anderson*, 477 U.S. at 255. "[A]t the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249.

## III.  Discussion

### A.  Fourth Amendment Claims

Defendant contends that his actions were objectively reasonable, in good faith, and he did not recklessly or intentionally violate plaintiff's constitutional rights, such that he is entitled to qualified immunity on plaintiff's § 1983 Fourth Amendment claim. On a motion for summary judgment based on qualified immunity, the court must still take the facts "in the light most favorable to the party asserting the injury." *Scott v. Harris*, 550 U.S. 372, 377 (2007). In resolving questions of § 1983 qualified immunity, the courts should resolve whether, in the light most favorable to the party asserting the injury, the facts alleged show the officer's conduct

violated a constitutional right. *Id.; see also York v. City of Las Cruces*, 523 F.3d 1205, 1209 (10th Cir. 2008). If no constitutional violation could be found on the submissions, the inquiry ends, but if a violation could be established, the court determines whether the right was clearly established. *York*, 523 F.3d at 1209 (quoting *Saucier v. Katz*, 533 U.S. 194, 201 (2001). Thus, once a defendant invokes qualified immunity in a motion for summary judgment, the plaintiff "must produce facts 'sufficient to show both that the defendant's alleged conduct violated the law and that the law was clearly established when the alleged violation occurred.'" *Bruning v. Pixler*, 949 F.2d 352, 356 (10th Cir. 1991) (quoting *Pueblo Neighborhood Health Cntrs. Inc. v. Losavio*, 847 F.2d 642, 646 (10th Cir. 1988)); *see also York*, 523 F.3d at 1209; *Martinez v. Beggs*, 563 F.3d 1082, 1088 (10th Cir. 2009). The courts have discretion to determine "which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." *Pearson v. Callahan*, 555 U.S. 223, 236 (2009).

For the reasons set forth herein, the Court finds that there are genuine issues of material fact which preclude summary judgment on defendant's assertion of qualified immunity. Plaintiff has provided evidence from which it may be established that defendant at least recklessly included inaccurate information and/or omitted information material to the finding of probable cause, which led to the issuance of the warrant to search plaintiff's property and ultimately to plaintiff's arrest. That same evidence shows a genuine issue of material fact as to whether defendant acted in an objectively reasonable manner or with good faith.

Plaintiff here asserts, and has provided evidence to support, that the defendant's affidavit supporting the search warrant contained inaccurate information and omitted information material to a finding of probable cause, in violation of the Fourth Amendment protection against

4

unreasonable searches and seizures.[1] The evidence, taken in the light most favorable to plaintiff, includes the following:

1. While defendant asserted in the affidavit supporting the search warrant that Gordan Ray stated that plaintiff "was growing" marijuana at his new address, defendant subsequently testified under oath that Ray did *not* tell defendant that plaintiff was growing marijuana at the new address.

2. Defendant asserted at paragraph 4 of the affidavit that he ran a utility search on plaintiff's residence which showed that the electric use had doubled from July 2009 to July 2010, from 800 Kilowatts to 1600 Kilowatts. Plaintiff provided information showing that those allegations were inaccurate, that the Kilowatt usage at the residence was not 800 Kilowatts in July 2009, was not 1600 Kilowatts in July 2010, and that such electric usage did not double between July 2009 and July 2010.

3. While the basis for probable cause was the alleged doubling of electric usage at the residence from July 2009 to July 2010, defendant omitted the critical information from the affidavit that plaintiff had not moved into that residence until September 17, 2010 – *after* the one-year time frame during which defendant (incorrectly) asserted the electric usage had doubled. Thus, even had the electrical usage doubled, it would not have related in any way to plaintiff, who moved to that address after the reported time-frame.

---

[1] "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. CONST. amend IV. The Fourth Amendment is applicable to state action via the Fourteenth Amendment. *Mapp v. Ohio*, 367 U.S. 643, 655 (1961).

Defendant's omission of the date on which plaintiff moved to the address was plainly material to the finding of probable cause. Including that omitted information, as it is included in italics below, establishes the materiality of the omission:

> Gordan [Ray] said that [plaintiff] moved to another house where he was growing his plants but [Ray] has never been there. . . . Your affiant ran a utilities check on [plaintiff] and it showed that he moved to [new address]. Your affiant ran a utility check on the residence to be search [sic] and it showed that from July [2009] to July [2010] the electric use has doubled from 800 Kilowatts to 1600 Kilowatts. *Plaintiff moved into that residence on or after September 17, 2010.*

(Doc. 66-3, ¶¶ 2-4; omitted information added in italics). If included, that omitted information would have directly vitiated probable cause, as it would have rendered the alleged doubling of electric usage irrelevant to the plaintiff.

The omitted information was "clearly critical to a finding of probable cause," and thus, construing the evidence in the light favorable to the plaintiff for purposes of the motion, there are genuine issues of material fact, precluding summary judgment on qualified immunity grounds, as to whether defendant knowingly or recklessly made false statements in, or omitted material information from, the affidavit supporting the search warrant. *See Bruning v. Pixler*, 949 F.2d 352, 357-58 (10th Cir. 1991) (affirming denial of summary judgment where plaintiff presented evidence supporting inference that officers recklessly made false statements and omitted material information from arrest warrant); *see also Stewart v. Donges*, 915 F.2d 572, 582-83 (10th Cir. 1990) (affirming denial of summary judgment where material issues of fact existed as to whether defendant recklessly omitted critical facts from arrest warrant affidavit).[2]

---

[2] Defendant asserts (as he did in the warrant affidavit) that probable cause was supported by his observation of an air conditioning van in the driveway. The Court is not persuaded that the presence of the van established probable cause for the warrant. Without the (incorrect) information that electric usage had doubled and the (inaccurate) suggestion (by omission) that the allegedly doubled electric usage was attributable to plaintiff, the warrant would not have issued, even with the additional reference to the air conditioning van.

Having found initially that the facts alleged by and construed in favor of plaintiff show a violation of plaintiff's constitutional rights under the Fourth and Fourteenth Amendments, the Court next turns to the question whether the rights were clearly established when the alleged violation occurred. *See Scott v. Harris*, 550 U.S. 372, 377 (2007); *York v. City of Las Cruces*, 523 F.3d 1205, 1209 (10th Cir. 2008). Here, the constitutional right was well-established for decades before the alleged violation. A law enforcement official violates the Fourth Amendment by knowingly or recklessly making a false statement in an affidavit supporting a warrant, if the false statement was material to the finding of probable cause. *See, e.g., Franks v. Delaware*, 438 U.S. 154, 155-56 (1978); *Stewart*, 915 F.2d at 582-83; *Bruning*, 949 F.2d at 357 (citing cases). The law also clearly establishes that a person's Fourth Amendment rights are violated by knowing or reckless *omissions* of information which, if included, would vitiate probable cause. *Bruning*, 949 F.2d at 357; *Stewart*, 915 F.2d at 582-83. "Recklessness may be inferred from omission of facts which are 'clearly critical' to a finding of probable cause.'" *Bruning*, 949 F.2d at 357 (quoting *DeLoach v. Bevers*, 922 F.2d 618, 622 (10th Cir. 1990)).

As a result of the foregoing, the Court finds that there are genuine issues of material fact as to whether defendant's affidavit in support of the warrant contained material false statements or omissions made intentionally or with reckless disregard for the truth.

### B. Negligence

Defendant argues that he cannot be liable for negligence because he acted within the scope of his employment and is therefore immune from tort liability under the Oklahoma Governmental Tort Claims Act ("OGTCA").[3] The OGTCA precludes tort actions against "an employee of the state or political subdivision acting within the scope of his employment." *Okla.*

---

[3] Judge Kern previously denied defendant's motion to dismiss based upon a similar argument by defendant. (Doc. 26).

*Stat.* tit. 51, § 163(C); *see also Martin v. Johnson*, 975 P.2d 889, 895 (Okla. 1998) (government employee acting within scope of employment is relieved from private tort liability). "'Scope of employment' means performance by an employee acting in good faith within the duties of the employee's office or employment or of tasks lawfully assigned by a competent authority. . . ." *Okla. Stat.* tit. 51, § 152(12). Plaintiff argues that there is an issue of fact under the circumstances here as to whether defendant was acting within the scope of his employment.

Plaintiff has alleged that defendant did *not* act in good faith, and the Court has found there to be a genuine issue regarding whether defendant acted in good faith as opposed to acting intentionally or with reckless disregard. Accordingly, there is a genuine issue of material fact as to whether the defendant was acting within the scope of employment, and summary judgment is inappropriate on plaintiff's negligence claim. *See Nail v. City of Henryetta*, 911 P.2d 914, 916 (Okla. 1996).

### C.   False Arrest

Defendant argues that plaintiff's "claim for false arrest cannot stand because there was probable cause." (Doc. 58 at 20). In support of that argument, he asserts that he believed probable cause existed based upon (1) the information provided by Gordan Ray, (2) the presence of the air conditioning vehicle in the driveway, and (3) the utility check that allegedly indicated doubling of electric usage at the residence. (Doc. 58 at 20-21). As noted above, the presence of the air conditioning vehicle does not establish probable cause. Moreover, the doubling of electric usage at the residence was inaccurate (according to the plaintiff's evidence) and was irrelevant in any event, given that plaintiff did not live at the residence during the time frame of the alleged increased electric usage. At a minimum, there are fact issues on these topics, precluding summary judgment on the false arrest claim.

### D.     Malicious Prosecution

Defendant's final argument is that plaintiff cannot maintain a malicious prosecution claim because the indictment was dismissed without prejudice such that plaintiff cannot establish the action was successfully terminated in favor of plaintiff, as required to establish a tort claim for malicious prosecution under Oklahoma law. (Doc. 58 at 26). In response, plaintiff does not challenge defendant's argument that Oklahoma law only permits a malicious prosecution tort where the prior action was dismissed with prejudice, and plaintiff has presented no law to refute defendant's authorities requiring that Oklahoma tort claims for malicious prosecution must be premised upon dismissals of the underlying action with prejudice. (*See* Doc. 66).

It does not appear to the Court that plaintiff pleaded a claim for malicious prosecution other than an Oklahoma tort claim for malicious prosecution. In the Complaint, plaintiff's only specific mentions of a malicious prosecution claim are the designation of such a claim as an "Oklahoma Tort Claim" and description of a malicious prosecution claim as being included within his "actions under Oklahoma law for various torts." (Doc. 2 at 3-4). Similarly, in the Joint Status Report filed herein, plaintiff summarizes his claims as "violations of his Fourth Amendment rights to remain free from unlawful searches and seizures, and state law claims for malicious prosecution, false arrest, and negligence." (Doc. 9 at 1). Plaintiff recently submitted a proposed Pretrial Order indicating that he "claims violations of his Fourth Amendment rights as well as Oklahoma Constitutional rights to remain free from unlawful searches and seizures, and *state law claims for malicious prosecution*, false arrest, and negligence." (emphasis added). Plaintiff has not refuted the Oklahoma authorities which establish that Oklahoma malicious prosecution claims require a dismissal with prejudice, and the Court accordingly finds that summary judgment should be granted as to plaintiff's malicious prosecution claim under

Oklahoma law. *See Glasgow v. Fox*, 757 P.2d 836, 839 (Okla. 1988) (dismissal without prejudice is not a favorable termination for the plaintiff because it does not "reach the substantive rights of the cause of action and thereby vindicate appellant as to the underlying action"); *Greenberg v. Wolfberg*, 890 P.2d 895, 904 (Okla. 1994) ("dismissal without prejudice is not a termination favorable to the . . . plaintiff").

In response to the summary judgment motion, plaintiff asserts that he has a federal cause of action for malicious prosecution which may be prosecuted as part of his § 1983 claim. Defendant did not file a reply or submit any additional argument on that issue. For purposes of ruling on defendant's summary judgment motion, the Court will assume that plaintiff has properly pleaded a malicious prosecution claim under § 1983.

Similar to a malicious prosecution claim under Oklahoma law, a malicious prosecution claim under § 1983 requires, among other things, that the original action be "terminated in favor of the plaintiff." *Wilkins v. DeReyes*, 528 F.3d 790, 798 (10th Cir. 2008).[4] In the Tenth Circuit, "[c]riminal proceedings are terminated in favor of the accused by the formal abandonment of the proceedings by the public prosecutor," unless such abandonment is "pursuant to an agreement of compromise with the accused; because of misconduct on the part of the accused; [or] out of mercy requested or accepted by the accused." *Wilkins*, 528 F.3d at 802-03 (quoting Restatement (Second) of Torts §§ 659(c), 660 (1977)). The overarching issue in the analysis is to determine *whether the "dismissal indicates the accused's innocence."* *Id.* at 803 (emphasis added). A

---

[4] The elements of a § 1983 malicious prosecution claim are: "(1) the defendant caused the plaintiff's continued confinement or prosecution; (2) the original action terminated in favor of the plaintiff; (3) no probable cause supported the original arrest, continued confinement or prosecution; (4) the defendant acted with malice; and (5) the plaintiff sustained damages." *Wilkins*, 528 F.3d at 799 (citing *Novitsky v. City of Aurora*, 491 F.3d 1244, 1258 (10th Cir. 2007)). The Court's analysis is focused on the second element, as that is the only element challenged by defendant in the summary judgment motion.

mere abandonment of charges, without more, is not indicative of innocence. *Id.* In *Wilkins*, one issue was whether the underlying criminal proceedings had been terminated in plaintiffs' favor where the district attorney dismissed the charges by filing a *nolle proseques* notice that the prosecution had been abandoned. *Id.* at 802 and n.8. The abandonment of the charges followed the criminal trial court's decision to exclude as inadmissible hearsay the testimony of one of the witnesses who allegedly had been falsely coerced by the officers to implicate the plaintiffs in the crime. *Id.* at 795. Analyzing the issue in depth, the Tenth Circuit concluded:

> In the circumstances here, the *nolle proseques* should be considered terminations in favor of Plaintiffs. The dismissals were not entered due to any compromise or plea for mercy by either [of the plaintiffs]. Rather, they were the result of a judgment by the prosecutor that the case could not be proven beyond a reasonable doubt. . . . Nor can we conclude [the plaintiffs] engaged in prohibited misconduct when they successfully moved to exclude [the allegedly coerced witness's] interview as hearsay. . . . Such an understanding takes into account the Restatement's clarification that "[n]ot included in the definition of misconduct are claims of constitutional or other privilege and similar conduct that merely forces the state to prove its case beyond a reasonable doubt in a trial otherwise fair and proper." Under this formulation, "[i]f the circumstances show that unreliable evidence has been suppressed and the prosecution then abandons the case because of lack of sufficient reliable evidence, that would be a circumstance where the dismissal is indicative of innocence." *But "if the evidence was only suppressed on 'technical' grounds having no or little relation to the evidence's trustworthiness, then the fact that there was not other sufficient evidence would not be indicative of innocence."*

*Id.* at 803-04 (citations omitted) (emphasis added).

Assuming that plaintiff's Complaint encompasses a malicious prosecution claim under § 1983, the Court finds that the suppression of the evidence was ordered on technical grounds having little relation to the evidence's trustworthiness, the resulting dismissal was not necessarily indicative of innocence, and plaintiff has accordingly not established that the action was determined in his favor for purposes of a malicious prosecution claim. The parties have not provided any authority, and the Court has located none, which directly addresses whether the

11

suppression of the fruits of an invalid search warrant under the circumstances presented here constitutes a technical ground as opposed to being indicative of innocence. However, a few courts have found the element of favorable termination lacking in circumstances where the suppression was not the result of any finding that the suppressed evidence was untrustworthy. *See, e.g., Dolbiecki v.* Pulacius, 829 F. Supp. 229, 235-36 (N.D. Ill. 1998) (termination was not favorable to plaintiff when a custodial confession obtained without Miranda warning was suppressed); *Miller v. Cuccia*, 201 F.3d 431, 1999 WL 1070084 (2d Cir. Nov. 18, 1999) (unpublished) ("suppression of the inculpatory evidence does not establish or imply innocence because it was not related to or based upon the reliability or unreliability of the evidence.").

Here, the government dismissed, without prejudice, the charges against plaintiff after Judge Payne suppressed the fruits of the search that was conducted via warrant issued upon false or reckless affidavit, but there was no mention that such suppression was based upon the untrustworthiness of the suppressed evidence or that plaintiff was innocent. In other words, while it can be inferred that the affidavit supporting the search warrant was untrustworthy because of inaccuracies and omitted information, the evidence itself was not found unreliable and the plaintiff was not determined innocent in the suppression order. Further, plaintiff has not presented any analysis or allegation to indicate that the suppressed evidence was untrustworthy or that plaintiff was innocent of the charges, and the Court accordingly finds that plaintiff has not met his "burden of proving a favorable termination" of the underlying charges. *Wilkins*, 528 F.3d at 803. Therefore, any claim for malicious prosecution under § 1983 must be dismissed, and summary judgment is accordingly granted on that claim.

**IT IS THEREFORE ORDERED** that the Motion for Summary Judgment (Doc. 58) is **denied** as to plaintiff's Fourth Amendment, negligence, and false arrest claims.

**IT IS FURTHER ORDERED** that the Motion for Summary Judgment (Doc. 58) is **granted** as to plaintiff's malicious prosecution claim, and that claim is accordingly dismissed.

**IT IS SO ORDERED** this 7th day of March, 2013.

JOHN E. DOWDELL
UNITED STATES DISTRICT JUDGE